■ BARBARA J. EMBLEM et al., Appellants, v SUSAN H. JURAS, Respondent.—In an action, inter alia, to rescind an agreement between the residuary legatees of an estate allowing the defendant to reside in certain premises on stated conditions, in which the plaintiffs moved to vacate a stipulation of settlement and for the appointment of a temporary receiver of the premises with authority to sell, the plaintiffs appeal from so much of a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered May 18, 1989, as, inter alia, directed the parties to comply with a stipulation of settlement entered into in open court on March 3, 1983.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiffs have failed to demonstrate that the delays in compliance with the stipulation of settlement were due to the defendant's willful refusal to effectuate a mortgage application. Therefore, the trial court did not improvidently exercise its discretion in refusing to appoint a temporary receiver, and in directing the parties to comply with the stipulation of settlement of March 3, 1983. As we have previously stated in this case, the appointment of a temporary receiver is an extreme remedy and should not be granted lightly (Emblem v Juras, 112 AD2d 134). Bracken, J. P., Brown, O'Brien and Ritter, JJ., concur.

■ ESTATE OF ANNIE G. M. LYONS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 69377.)—Appeal by the claimant from a judgment of the Court of Claims (Silverman, J.), dated March 18, 1988.

Ordered that the judgment is affirmed, with costs, for reasons stated by Judge Silverman at the Court of Claims. Kooper, J. P., Lawrence, Harwood and Miller, JJ., concur.